IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ROCK HILL DIVISION

|  |  |  |
|---|---|---|
| Sylvia A. Cochran, | ) | |
| | ) | |
| Plaintiff, | ) | C/A No. 0:17-cv-01223-MBS |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| Nancy A. Berryhill, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This is an action brought pursuant to Section 205(g) of the Social Security Act (the "Act"), codified as amended at 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner").

I. PROCEDURAL HISTORY

Plaintiff Sylvia A. Cochran filed her DIB application on September 10, 2013, alleging disability beginning March 26, 2012. Tr. 177. Plaintiff's application was denied initially, Tr. 94, as well as on reconsideration. Tr. 101–04. A hearing was held before an Administrative Law Judge ("ALJ") on April 2, 2016. Tr. 149. The ALJ issued her decision on April 28, 2016. Tr. 17. She determined that while Plaintiff's medically determinable impairments could reasonably be expected to cause Plaintiff's alleged symptoms, the Plaintiff's "statements concerning the intensity, persistence, and limiting effects of [Plaintiff's] symptoms [were] not entirely consistent with the medical evidence and other evidence in the record." Tr. 22. Thus, the ALJ concluded that Plaintiff was not under a disability within the meaning of the Social Security Act. Tr. 25. Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on March 10,

2017, making the ALJ's decision the "final decision" of the Commissioner. Tr. 1.

On May 11, 2017, Plaintiff filed the within action. Plaintiff challenges the ALJ's decision on three grounds: (1) the ALJ's residual functional capacity assessment is not supported by substantial evidence; (2) the ALJ's credibility analysis is not supported by substantial evidence; and (3) the ALJ improperly discounted the opinions of Ms. Cochran's treating physicians. ECF No. 13 at 1. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Paige J. Gossett for a Report and Recommendation.

On June 25, 2018, the Magistrate Judge filed her Report recommending that the Commissioner's decision to deny benefits be affirmed. ECF No. 17. As to Plaintiff's first issue, the Magistrate Judge concluded that the "ALJ's decision reflected a full consideration of the evidence of record with regard to Plaintiff's ability to walk and stand," and that "Plaintiff failed to demonstrate any reversible error by the ALJ with regard to the opinion evidence from Dr. Brodie McKoy and Dr. John Creel." ECF No. 17 at 6–8. As to Plaintiff's second issue, the Magistrate Judge concluded that the "ALJ's decision reflects careful consideration of the medical evidence and the limitations stemming from [Plaintiff's] impairments," and that Plaintiff has failed to show that the ALJ's evaluation is unsupported by substantial evidence. *Id.* at 11–12. Lastly, as to Plaintiff's third issue, the Magistrate Judge concluded that the ALJ did evaluate the opinions of Plaintiff's treating physicians, and that Plaintiff failed to demonstrate that the ALJ's evaluation of the opinion evidence is unsupported by substantial evidence. *Id.* at 15–17. Plaintiff filed objections to the Report and Recommendations on July 4, 2018, to which the Commissioner filed a reply on July 18, 2018.

This matter is now before the court for review of the Magistrate Judge's Report and Recommendation. The court is charged with making a *de novo* determination of any portions of the

Report to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28. U.S.C. § 636(b).

## II. STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 4059(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that [her] conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). However, the Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

III. DISCUSSION

Plaintiff was born in 1963 and was forty-nine years old on the day of her alleged disability onset date. Tr. 23, 201. She has a high school education and she has past relevant work experience in manufacturing as a machine operator; in a department store in receiving/returns; and at a temporary employment agency. Tr. 205–206. Plaintiff alleges disability due to a motor vehicle accident that occurred on March 26, 2012. Tr. 201, 282. Plaintiff's accident resulted in a fracture to one of the screws in her neck from a previous surgery she had in 1999.[1] Tr. 296. Plaintiff further alleges disability due to cervical disk disease, high blood pressure, high cholesterol, and acid reflux. Tr. 204.

A.  Objection One: Findings Inconsistent With the Record

Plaintiff alleges that the Magistrate Judge erred generally by relying on an "inaccurate perception of the substantial evidence standard." ECF No. 18 at 1. Additionally, Plaintiff contends that the Magistrate Judge failed to realize that the ALJ's findings were inconsistent with the record as a whole. *See id.* at 5. Plaintiff asserts that she is not attempting to re-weigh the evidence, as the Magistrate Judge suggests, ECF No. 17 at 8, but that she is instead attempting to "correct[] a failure to correctly and sufficiently weigh the evidence in the first instance." ECF No. 18 at 6.

Plaintiff objects to the Magistrate Judge's conclusion that the ALJ did not err in failing to consider whether Plaintiff could perform her residual functional capacity on a regular and continuing basis. *Id.*; ECF No. 17 at 6. Plaintiff asserts that the ALJ's findings "are simply not consistent with the record as a whole." ECF No. 18 at 5. Specifically, Plaintiff takes issue with the Magistrate Judge's acceptance of the ALJ's finding that "the evidence indicates that the claimant has received

---

[1] According to a narrative report from Dr. Steven Poletti, "Plaintiff had surgery in 1999 to involve multilevel discectomy with fusion from C4 through C6." Tr. 334.

4

good pain relief with injections, and progress with physical therapy." *Id.* at 5; Tr. 22. Plaintiff notes several excerpts from the record that she believes demonstrate she did not experience "good pain relief," including: "The injections reduced the pain by approximately 20 percent." (Tr. 20); "She continues to have similar symptoms of pain in her posterior neck and numbness and tingling in her upper extremities." (Tr. 299); "She states she got about 30 to 35 percent relief of the pain in her neck. She continues to have some degree of pain in her neck with numbness and tingling down her left arm primarily." (Tr. 300); "Her symptoms have definitively not improved." (Tr. 334).

The record demonstrates that Plaintiff did, in fact, experience "good pain relief" from injections and physical therapy. In June 2012, a physician assistant from the Southeastern Spine Institute wrote, "[s]he states she's been going to physical therapy two times a week, she feels like it has helped her; but when she stopped to go back to her normal activities, this left arm was still becoming bothersome for her." (Tr. 337); in August 2014, and March 2015, reports from the Southeastern Spine Institute noted that Plaintiff got at least/over 50 percent relief from steroid injections (Tr. 695; Tr. 879); in March 2014, Dr. Kumar wrote, "Patient is able to ambulate effectively without any problems. Patient can carry out activities of daily living." (Tr. 651); in October 2014, a physical therapy record noted, "Overall better, just a little bit of pain." (Tr. 763); and in November 2014, a physical therapy report noted that Plaintiff "demonstrated that she is able to do new exercises." (Tr. 758).

Plaintiff further contends that the Magistrate Judge erred in determining that the ALJ gave "full consideration" of the record with regard to Plaintiff's ability to walk and stand. ECF No. 18 at 6. Plaintiff notes that in October 2013, she reported significant back pain with radiation to both hips and down her legs (Tr. 417); in October 2013, a CT report noted "minimal degenerative changes in both hips" (Tr. 519); in March 2014, Plaintiff reported chronic back pain. (Tr. 660); and

in June 2014, Dr. Blubuagh noted, "[Plaintiff] only squats about half way and reports great difficulty with this. . . . Straight leg raises 40° on the left side and 30° on the right supine, 50° on the left and 40° on the right sitting." (Tr. 689).

The Magistrate Judge extensively detailed evidence from the record supporting her conclusion that the ALJ discussed and considered evidence regarding Plaintiff's ability to stand and walk. The Magistrate Judge noted:

> [T]he ALJ observed that (1) "October 2013 x-rays of the sacroiliac joints were normal. There were minimal degenerative changes in both hips with no evidence of acute fracture. X-ray of the lumbar spine showed no evidence of acute lumbar fracture. There was mild diffuse degenerative lumbar spondylosis with mild degenerative disc space narrowing at L3-4" (Tr. 21); (2) in March 2014, Cochran had normal tandem and heel/toe walking, 5/5 motor strength in her extremities, normal squatting, no gait disturbance, no muscle atrophy, an ability to ambulate effectively without an assistive device, and no difficulty getting on or off the examination table (*id.*); (3) in July 2014, Cochran was able to get on and off the examination table easily with an unremarkable gait except that "she had a slow, awkward way of trying to walk on her heels and toes" and squatted only halfway, had full range of motion with the exception of her cervical spine, and had 5/5 muscle strength in her extremities (Tr. 21–22); (4) in August 2014, Cochran exhibited a slightly antalgic gait and a positive straight leg raise with diminished range of motion in both her cervical and lumbar spine; (5) in September 2014, Cochran was diagnosed with hip bursitis and began physical therapy where she reported in late September improved symptoms but indicated that "she was still having pain with certain motions and prolonged walking" and in October, she reported that "she was better overall, with just a little bit of pain" and in November, Cochran "demonstrated that she was able to do new exercises to address her long-term goals" (Tr. 22); (6) in March 2015, Cochran displayed "tenderness to palpation of the right SI joint into the right hip" but "[s]he had equal strength in the bilateral lower extremities" (*id.*); and (7) in February 2016, Cochran exhibited a nonantalgic gait (*id.*).

ECF No. 17 at 7.

The ALJ's residual functional capacity determination was not inconsistent with the record. As the Magistrate Judge correctly noted, the ALJ considered Plaintiff's subjective complaints, her reported daily activities, and all of the medical source opinions. ECF No. 17 at 7. The Magistrate Judge considered the record in its entirety and properly determined that that ALJ based her analysis

6

on substantial evidence.

B.  Objection Two: Opinions of Plaintiff's Treating Physicians

Plaintiff objects to the Magistrate Judge's finding that the ALJ correctly rejected the opinions of her treating physicians, Dr. Poletti, Dr. McKoy, and Dr. Creel. ECF No. 18 at 7–9. According to Plaintiff, Dr. Poletti's opinion that Plaintiff was "totally and permanently disabled," was well supported and should not have been completely dismissed. ECF No. 18 at 8. Plaintiff further alleges that the ALJ's reasoning for giving little weight to Dr. McKoy's opinion was vague and inconsistent with the record. *Id.* at 7. Lastly, Plaintiff alleges that the ALJ ignored the fact that Dr. Creel was a family practitioner and that Dr. Creel had access to the entirety of Plaintiff's record. According to Plaintiff, the ALJ "[gave] weight to the one-time agency paid consultative examiner, for the sole apparent reason that this better supports her desire to deny disability to the clamant." *Id.* at 8.

Pursuant to 20 C.F.R. § 404.1527(c), the Commissioner will evaluate every medical opinion received and will accord greater weight to the opinion of treating medical sources because treating physicians are best able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. However, as the Magistrate Judge properly noted, "the rule does not require that the testimony be given controlling weight." ECF No. 17 at 13; *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). The Magistrate Judge further explained that a treating physician's opinion is evaluated and weighed "pursuant to the following non-exclusive list: (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." *Id.; Johnson v. Barnhart,* 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R.§ 404.1527). "[I]f a physician's opinion is not supported by clinical evidence or

7

if it is inconsistent with other substantial evidence, it should be accorded significantly less weight."

*Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001).

> The ALJ evaluated the opinions of Drs. Poletti, McKoy, and Creel as follows:
>
> I have considered the May 2013 statement from Dr. Poletti that the claimant should be restricted from overhead activity, prolonged reaching, ending (sic), twisting, and pushing/pulling, and find this statement to be entitled great weight, These limitations are reflected in the residual functional capacity set forth above. However, no weight is given to the additional statement that the claimant is most likely totally and permanently disabled. This statement does not indicate a definite opinion and is an issue reserved to the Commissioner. Furthermore this opinion is not consistent with the other evidence of record that shows the claimant has good strength, range of motion, and grip.
>
> Little weight is given to the October 2014 opinion of Brodie McKoy, M.D. indicating that the claimant is unable to lift any weight and is only able to sit for one hour and stand/walk for one hour during an eight-hour workday. This opinion is not consistent with the other medical evidence of record and is not support by his treatment notes. It is also not consistent with the Claimant's testimony. Dr. McKoy treated the claimant for moderate hip pain. On examination the claimant had normal active and passive range of motion. X-rays were normal. The claimant reported that injections were helpful for pain relief. Therefore, I find Dr. McKoy's assessment to be overly restrictive in light of his own treatment notes and the other evidence of record.
>
> Little weight is also given to the opinion of John Creel, M.D., who completed a medical source statement dated October 14, 2014, indicating that the claimant was able to lift up to 20 pounds, stand and/or walk for two hours, and sit for two hours in an eight-hour workday (Exhibit B24F). Treatment notes do not support the limitations assessed and the doctor's opinion appears to be largely based on the claimant's subjective report.

(Tr. 23.)

The court finds that the ALJ provided specific, clear reasons for the weight given to the sources of medical opinions. *See* SSR 96-2p, 1996 WL 374188, at *5. The Magistrate Judge did not err in finding that the ALJ's decision with regard to opinion evidence was supported by substantial evidence.

8

## IV. CONCLUSION

After reviewing the entire record, the applicable law, the briefs of counsel, the findings and recommendations of the Magistrate Judge, and Plaintiff's objections, this court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. For the reasons set out hereinabove and in the Report and Recommendation, the Commissioner's final decision of no disability is **affirmed**.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Senior United States District Judge

September 5, 2018

Columbia, South Carolina